Submitted September 28, 2020, affirmed March 31, 2021

In the Matter of L. D.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

L. D.,
*Appellant.*

Multnomah County Circuit Court
19CC06061; A172948

484 P3d 1100

Appellant appeals from a judgment involuntarily committing her to the Oregon Health Authority for up to 180 days. She argues that the record was legally insufficient to support the trial court's conclusion that, due to a mental disorder, she is dangerous to herself under ORS 426.005(1)(f)(A). *Held*: The record was legally sufficient to support the trial court's conclusion. The record reflects that shortly before appellant's hospitalization, appellant attempted to take her own life by running into traffic. It also reflects that, throughout her hospitalization, appellant continued to express a desire to commit suicide and repeatedly articulated a plan to do so by running into traffic again. A present threat to commit suicide, coupled with a recent attempt to enact that threat through overt action, is sufficient to permit a rational factfinder to conclude by clear and convincing evidence that appellant is a danger to herself.

Affirmed.

Benjamin S. Johnston, Judge pro tempore.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellant appeals a judgment involuntarily committing her to the Oregon Health Authority for up to 180 days. Because the record was legally sufficient to allow a rational factfinder to conclude that appellant suffered from a mental disorder that makes her a danger to herself, we affirm.

Absent *de novo* review, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (internal quotation marks omitted). "[W]hether the evidence is sufficient to support a determination that appellant is a danger to [self] is a question we review as a matter of law." *Id.* at 546 (internal quotation marks omitted).

Appellant, who has been diagnosed with schizoaffective disorder, bipolar type, suffered from suicidal ideations, including "command hallucinations" telling her to run into traffic and kill herself. Her medical records document a "consistent pattern" of acting impulsively in response to these delusions, including instances of running into traffic. Approximately one month before the hospitalization leading to this commitment hearing, appellant ran into traffic again. On that day she told her provider: "I want to kill myself. I want to die. I hate my life. I'm going to run into traffic." At the hearing, when the court asked her why she ran into traffic, she responded that she "was trying to kill [her]self, of course."

The trial court concluded that appellant was a person with a mental illness and presented a danger to herself:

"The reason for that is based on the statements that she made initially at the outset of this hearing where she did in fact endorse a desire to kill herself. And, the doctor testified that she had also made those statements here in the hospital and that along with those statements, [appellant] stated that she would run into traffic.

"This may be, in some cases, regarded as just *** expressing her anguish or upset with her family, but she has done

it in the past, which lends credence to the fact that she in fact would do it again if the circumstances were so disorienting to her."

ORS 426.005(1)(f)(A) defines a "[p]erson with mental illness" as a person who, "because of a mental disorder," is "[d]angerous to self or others." A person is dangerous to herself if her mental disorder puts her at a nonspeculative risk of serious physical harm or death in the near future. *State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016). Accepting all inferences in favor of the trial court's decision, we must determine whether a rational factfinder could conclude by clear and convincing evidence—that is, that it is "highly probable"—that appellant presents a danger to herself because of a mental disorder. *M. J. F.*, 306 Or App at 548.

This record is sufficient to permit the trial court's conclusion that, at the time of the hearing, appellant posed a danger to herself. Appellant expressed her desire to die by suicide in the days leading up to her hospitalization and while in the hospital. She communicated a specific plan to take her own life: to run into traffic. Approximately one month before her most recent hospitalization, she did run into traffic and confirmed that she did so in an effort to die by suicide. Because appellant advocated a desire to take her own life and recently attempted to do so, the trial court's finding that she posed a danger to herself was well-supported by the record. *See id.* at 547 (recognizing the "principle" that a "threat to commit suicide, coupled with a recent attempt to enact that threat through overt action" is sufficient to permit a rational factfinder to conclude appellant presents a danger to self).

Appellant argues that this case is similar to *S. R. J.*, where we concluded that an individual's "delusional interactions with traffic" did not permit a finding of dangerousness to self. *S. R. J.*, 281 Or App at 750. In *S. R. J.*, the appellant twice interacted with traffic, once going so far as to "direct traffic," causing traffic to "back[] up in all directions." *Id.* at 744-45. We concluded that, although risky, this behavior did not put appellant at risk of serious harm because she was not in the path of a car moving at speed, and that we

could not conclude that a "reoccurrence of such conduct will present a nonspeculative risk in the near future." *Id*. at 753 (internal quotation marks omitted). In reaching that conclusion, we distinguished cases in which "the path from mental disorder to serious harm" was "concrete," including where an appellant "was in possession of a powerful sedative and said he was thinking about using the sedative to harm himself." *Id*. at 751 (citing *State v. R. E.*, 248 Or App 481, 484, 273 P3d 341 (2012)).

This case is readily distinguishable from *S. R. J.* Here, appellant ran into traffic in an effort to take her own life. After attempting suicide in this manner, she continued to express suicidal ideations while hospitalized. The risk of reoccurrence of this conduct to carry out her ongoing ideations was concrete. The trial court correctly determined that appellant's expressed desire to die by suicide, coupled with a recent attempt to do so, is sufficient to permit the conclusion that she presents a danger to herself.

Affirmed.